NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA VENTURA,<br><br>                Plaintiff,<br><br>v.<br><br>COLLECTCORP CORPORATION AND FIA CARD SERVICES,<br><br>                Defendants. | Civil Action No.: 11-4576 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court on an unopposed motion by Defendants Collectcorp Corporation ("Collectcorp") and FIA Card Services ("FIA") (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Entry No. 5 ] to dismiss Plaintiff Rosa Ventura's ("Plaintiff" or "Ventura") Complaint. The Court has considered Defendants' submission made in support of the instant motion and decides the matter without oral argument. Fed. R. Civ. P. 78.

## INTRODUCTION

Plaintiff's claims arise out of Defendant Collectcorp's alleged attempt to collect a consumer debt, and Defendants' report of the debt on Plaintiff's credit report. Plaintiff brings the instant action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") and Fair Credit Reporting Act, 15 U.S.C. § 1681, et. seq., ("FCRA").

1

Based on the reasons set forth below, Defendants' motion to dismiss is granted. Accordingly, Plaintiff's claims under § 1692c and § 1692j of the FDCPA are dismissed without prejudice. Plaintiff has thirty (30) days in which to amend such claims to cure the pleading deficiencies addressed herein. Plaintiff's claims under § 1681s-2(a) and § 1681s-2(b) are dismissed with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff's Complaint states that on July 3, 2010, Defendant Collectcorp sent Plaintiff an initial contact letter, which lists Defendant FIA as the creditor. (Compl.¶¶ 8-11). Prior to receiving Defendant Collectcorp's letter, Plaintiff's counsel sent a client representation letter to the original creditor, Defendant FIA. (Id. at ¶ 9). Plaintiff alleges Defendant Collectcorp had or should have known to cease all direct communication with Plaintiff and direct all future communication to Plaintiff's counsel because the information was ascertainable from the client representation letter sent to FIA. (Id. at ¶ 10).

Plaintiff contends Defendant Collectcorp's initial contact letter violates the FDCPA, 15 U.S.C. § 1692, et seq., for two reasons: 1) it was improperly directed to Plaintiff because Collectcorp should have known that Plaintiff retained counsel; and 2) it lists FIA as the creditor, "implying that FIA still owns [the] account as part of the collection process." (Id. at ¶¶ 9-11).

Separate from its FDCPA claim, Plaintiff contends "Collectcorp and or [sic] FIA" violated the FCRA, 15 U.S.C. § 1681, et seq., by having this debt on Plaintiff's credit report despite the fact that a letter disputing this debt had been sent to Collectcorp on July 26, 2010. (Id. at ¶ 12). Plaintiff also argues that Defendant Collectcorp should not furnish information to the credit agencies. (Id.).

Plaintiff originally filed her Complaint in the Superior Court of New Jersey, Law Division – Special Civil Part, Hudson County on June 28, 2011. On August 4, 2011, Defendant Collectcorp removed the action to this Court on the basis of federal question jurisdiction. (Defs.' Notice of Removal, ¶ 5-6). The removal was with Defendant FIA's consent. (Id. at ¶ 6). Defendants now move to dismiss Plaintiffs' Complaint in its entirety based on the assertion that "Plaintiff failed to allege a single fact to support a claim under either statute." (Defs.' Mot. to Dismiss, 3).

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of the complaint, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). In doing so, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). However, the Court need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" as true. Iqbal, 129 S. Ct. at 1949. A claim is plausible on its face when the pleaded facts, taken as true, allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Id. With this framework in mind, the Court turns now to Defendants' motion.

## DISCUSSION

### 1. FDCPA Claims against Defendant Collectcorp

#### a. FDCPA § 1692c Claim

Section 1692c(a) of the FDCPA provides, in relevant part, that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . .

15 U.S.C. § 1692c(a)(2).

Plaintiff's Complaint claims that Defendant Collectcorp, a debt collector, "should have known from FIA that all communications needed to be directed to counsel for plaintiff" because Plaintiff's counsel had previously sent a client representation letter to FIA, the original creditor. (Compl. ¶¶ 8-10). Defendants assert that, under the FDCPA, a creditor's alleged knowledge is not imputed onto third party debt collectors. (Defs.' Mot. to Dismiss, 6). Therefore, Defendants argue, Plaintiff's failure to allege that Collectcorp actually knew Plaintiff was represented and Plaintiff's allegation that Collectcorp should have known she was represented is insufficient to support an FDCPA claim. (Id. at 7).

In order to recover under § 1692c(a)(2), a consumer must demonstrate that the debt collector had actual knowledge of consumer's representation by counsel with respect to the debt prior to communicating with them in connection with the collection of that debt. Hubbard v. Nat'l Bond & Collection Assocs., Inc., 126 B.R. 422, 426 (D.Del. 1991), aff'd, 947 F.2d 935 (3d Cir. 1991). A creditor's knowledge that the consumer has an attorney is not automatically imputed to the debt collector. Id. at 427. Therefore, under the circumstances of this case, this

4

Court must determine whether the assertions in Plaintiff's Complaint are sufficient to draw the reasonable inference that Defendant Collectcorp sent Plaintiff an initial contact letter although it knew that Plaintiff had retained counsel with respect to the debt in question.

Having carefully reviewed the allegations set forth in Plaintiff's Complaint, the Court agrees that Plaintiff's § 1692c(a)(2) claim fails to meet the pleading requirement of plausibility under Fed. R. Civ. P. 8(a). Plaintiff only asserts that Defendant Collectcorp "should have known" to direct all communication to Plaintiff's counsel based on the client representation letter previously sent to the original creditor, FIA. However, FIA's alleged knowledge that Plaintiff retained counsel, without more, is not sufficient to automatically impute the knowledge of the original creditor to the debt collector, Defendant Collectcorp. Therefore, since Plaintiff has failed to allege that Defendant Collectcorp had actual knowledge that Plaintiff retained counsel, or plead facts from which a reasonable inference of that knowledge could be reached, the Court finds that Plaintiff has failed to raise a right to relief to a sufficient level of plausibility and the Complaint must be dismissed without prejudice.

### b. FDCPA § 1692j Claim

Section 1692j provides, in relevant part, that:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j(a).

Plaintiff's complaint asserts that Defendant Collectcorp's initial contact letter "lists FIA

as the creditor implying that FIA still owns this account as is part of the collection process" and subsequently claims that "[i]f this information is not true then Collectcorp has violated the FDCPA." (Compl. ¶ 12). Defendants argue that Plaintiff's Complaint fails to allege any facts to support the assertion that Collectcorp's letter was misleading. (Defs.' Mot. to Dismiss, 7-8).

This Court, therefore, must determine whether the assertions as set forth in Plaintiff's Complaint allow the Court to draw the reasonable inference that Defendant Collectcorp's initial contact letter was knowingly designed, furnished, or delivered by Collectcorp when it knew or should have known that it would be used to create the false belief in the least sophisticated consumer "that FIA still owns this account as part of the collection process." (Compl. ¶ 11); See 15 U.S.C. §1629e. Having carefully reviewed the allegations set forth in Plaintiff's Complaint, the Court agrees that Plaintiff's § 1692j claim fails to satisfy the pleading requirement of plausibility under Fed. R. Civ. P. 8(a).

As discussed above, bald legal assertions without factual support to raise a right to relief to a level of plausibility are insufficient. Plaintiff states in her Complaint that "[t]he letter lists FIA as the creditor . . . if this information is not true then Collectcorp had violated the FDCPA." (Compl. ¶ 11). Plaintiff, however, fails to allege any facts to support the assertion that Defendant Collectcorp's letter created a false belief. In fact, Plaintiff refers to FIA as "the original creditor" in her own Complaint, thereby seemingly indicating that the information contained in Collectcorp's initial contact letter was true. (Id. at ¶ 9). This Court therefore finds that Plaintiff has failed to raise a plausible right to relief on this claim, Plaintiff's claim under § 1692j is thus dismissed without prejudice.

## 2. FCRA § 1681s-2 Claim Against Defendants

Plaintiff also alleges that "Collectcorp and or [sic] FIA have violated the FCRA." (Compl. ¶ 12). The duties imposed on "furnishers of information" by the FCRA are set forth in subsections (a) and (b) of 15 U.S.C. § 1681s-2. While Plaintiff's Complaint does not specify which subsection the Defendants allegedly violated, the Court will give Plaintiff the benefit of the doubt and assume that Plaintiff intended to assert claims under both subsections.

### a. FCRA § 1681s-2(a) Claim

Defendants rightfully argue that Plaintiff cannot state a claim under § 1681s-2(a). (Defs.' Mot. to Dismiss, 10). Plaintiff's claim under 15 U.S.C. § 1681s-2(a) must fail because subsection (a) of the FCRA does not provide a private right of action. Burell v. DFS Services, LLC 753 F. Supp. 2d 438, 447-48 (D.N.J. 2010)(citing Chiang v. Verizon New England, Inc., 595 F.3d 26, 35 (1st Cir. 2010)("Congress has explicitly limited furnishers' liability under § 1681s–2(a) by prohibiting private suits for violations of that portion of the statute")). Thus, Plaintiff's claim under § 1681s-2(a) must be dismissed with prejudice.

### b. FCRA § 1681s-2(b) Claim

In order to maintain a claim pursuant to § 1681s-2(b), a consumer must first file a dispute directly with a credit rating agency. See Burell, 753 F. Supp. 2d at 448 (citing Young v. Equifax Credit Info. Servs., Inc., 291 F.3d 631 (5th Cir. 2002)(Notice to a credit rating agency is necessary to trigger the furnisher's duties under § 1681s-2(b))(internal quotations omitted). Plaintiff's Complaint does not allege any fact indicating that she in fact filed a dispute letter with a credit rating agency. Rather, Plaintiff solely alleges that she mailed a letter disputing the debt to Defendant Collectcorp on July 26, 2010. (Compl. ¶12). Therefore, Plaintiff's claim under §

1681s-2(a) must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff's claims under § 1692c and § 1692j of the FDCPA are dismissed without prejudice. Plaintiff has thirty (30) days in which to amend such claims to cure the pleading deficiencies addressed herein. Plaintiff's claims under § 1681s-2(a) and § 1681s-2(b) of the FCRA are dismissed with prejudice.

DATED: September 30, 2011

_____
Jose L. Linares, U.S.D.J.
United States District Judge